# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

Caitlin Smith,                                          |          Case No. _____

                    Plaintiff,           |

          v.                                          |

LVNV Funding, LLC,                               |

                  Defendant.           |

_____|

## COMPLAINT

Plaintiff Caitlin Smith ("Plaintiff"), by and through her undersigned counsel, and in support of her claims against LVNV Funding, LLC ("Defendant"), hereby respectfully avers as follows:

## PARTIES

1.      Plaintiff is a resident of the State of Delaware.  Plaintiff's address is 2204 ½ Harrison Street, Wilmington, DE 19809.

2.      Plaintiff may be served through the office of her counsel, Matthew M. Carucci, Esq., 521 West Street, Wilmington, Delaware, 19801.

3.      Defendant is a Delaware Limited Liability Company.  Defendant's address for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

## JURISDICTION & VENUE

4.      Plaintiff is bringing suit under the Fair Debt Collection Practices Act (the "Act"), 15 U.S.C. § 1601 *et seq.*  Jurisdiction is proper in this Court pursuant to § 813(d) of the Act (15 U.S.C. § 1692k), which states, "An action to enforce any liability created

1

by this title may be brought in any appropriate Unites States district court without regard to the amount in controversy . . . ."

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant is a Delaware Limited Liability Company and is subject to personal jurisdiction within the State of Delaware and this District.

### BACKGROUND

6.     On or about 19 December 2006, Defendant filed a state court action in the Court of Common Pleas for the State of Delaware, New Castle County, C.A. No. 2006-12-408 (the "State Court Action"). A copy of the complaint is attached at Exhibit A.

7.     In the State Court Action, Defendant alleged that it was a creditor of Plaintiff, and that Plaintiff owed Defendant $7,539.56 "for goods sold and delivered and/or services rendered and/or a revolving account stated between" the Parties.

8.     Attached to the copy of the Complaint served upon Plaintiff was a typed note discussing arrangements for paying "the debt," and referring to the law firm representing Defendant as "attorneys in the practice of debt collection." (see Exhibit A)

9.     Plaintiff answered the Complaint on or about 26 January 2007, alleging that the debt was not hers, and that she was the victim of identity theft.

10.     On or about 21 February 2007, after discussions and negotiations between counsel for the Parties, Defendant agreed that the account should be closed and the State Court Action dismissed. Correspondence to that effect is located at Exhibit B.

11.     On or about 22 February 2007, Defendant voluntarily dismissed its Complaint. The Notice of Dismissal is located at Exhibit C.

12.     As of the filing of the Notice of Dismissal, the alleged debt against Plaintiff was extinguished (to the extent it was ever valid), and no debt was owed by Plaintiff to Defendant.

13.     Subsequently, Defendant, by and through its agent for debt collection purposes, contacted Plaintiff and demanded that Plaintiff satisfy the debt to Defendant. Defendant's agent, via telephone, made reference to the same account number and amount due as was claimed in the State Court Action.

14.     Plaintiff's counsel immediately sent correspondence to Defendant's agent, stating that there was no debt owed due to the resolution of the State Court Action, and demanding that all collection attempts cease immediately.  Said correspondence is located at Exhibit D.

15.     Since Plaintiff's counsel sent such correspondence, Defendant has contacted Plaintiff via telephone at least fifteen (15) times.  Each and every such contact is regarding the debt alleged to be owed in, and resolved by, the State Court Action.

16.     The dates and times of each such telephone contact by Defendant are as follows:

        a.     10 May 2007, 11:57 a.m.

        b.     10 May 2007, 2:08 p.m.

        c.     15 May 2007, 11:42 a.m.

        d.     15 May 2007, 3:42 p.m.

        e.     24 May 2007, 9:57 a.m.

        f.     24 May 2007, 11:11 a.m.

        g.     24 May 2007, 12:24 p.m.

h.    30 May 2007, 3:08 p.m.

i.    5 June 2007, 12:36 p.m.

j.    11 June 2007, 2:48 p.m.

k.    14 June 2007, 10:37 a.m.

l.    14 June 2007, 12:36 p.m.

m.    14 June 2007, 2:22 p.m.

n.    19 June 2007, 11:14 a.m.

o.    19 June 2007, 2:39 p.m.

17.    Each call was an automated call.  When Plaintiff's telephone was answered, a recording directed Plaintiff to call a specific 1-800 number.  When Plaintiff called the number, she was informed that the call was from Defendant, and that Defendant was attempting to collect a debt.

18.    At the time of each and every contact, the debt alleged by Defendant as due and owing was, in fact, not due, nor did said debt even exist.

19.    Defendant is a debt collector as defined in § 803 of the Act (15 U.S.C. § 1692a).

20.    The Act, at § 813 (15 U.S.C. § 1692k), provides for civil liability in the event a debt collector violates or fails to comply with any provision of the Act.  Said civil liability provides for (1) actual damages, (2) additional damages of up to $1,000 per violation or lack of compliance, (3) reasonable attorney's fees.

## COUNT 1
## VIOLATION OF § 805 OF THE ACT

21.    Paragraphs 1-20 are realleged as if fully set forth herein.

22.    Section 805 of the Act (15 U.S.C. § 1692c), states, in pertinent part:

> (a) COMMUNICATION WITH THE CONSUMER
> GENERALLY.  Without the prior consent of the consumer
> given directly to the debt collector or the express
> permission of a court of competent jurisdiction, a debt
> collector may not communicate with a consumer in
> connection with the collection of any debt-
> . . .
> (2) if the debt collector knows the consumer is represented
> by an attorney with respect to such debt and as knowledge
> of, or can readily ascertain, such attorney's name and
> address . . . .

23.     Plaintiff has not given consent for Defendant to communicate with her

regarding any debt.

24.     No Court has given such permission to Defendant.

25.     Defendant knew Plaintiff was represented by an attorney, because

Plaintiff's counsel (1) represented Plaintiff in the State Court Action, (2) corresponded

with Defendant and Defendant's counsel during the State Court Action, and (3)

corresponded with Defendant's debt collection agent after the State Court Action.

26.     Defendant knew, and could readily ascertain, Plaintiff's counsel's name

and address.  Counsel included such information on every correspondence.  See, for

example, Exhibit D.  Further, Defendant's counsel sent documents to Plaintiff's counsel,

thus proving Defendant had ready access to such information.  (See Exhibit C)

27.     Despite the foregoing, Defendant made at least fifteen (15) telephone calls

directly to Plaintiff on the dates listed above.

28.     Each telephone call placed by Defendant to Plaintiff was a violation of the

Act's § 805.

29.     Defendant has violated or failed to comply with § 805 of the Act in fifteen

(15) separate instances.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory Damages at the rate of $1,000 per violation, reasonable attorney's fees as authorized by the Act, the costs of this Action, and other such relief the Court deems appropriate.

## COUNT 2
## VIOLATION OF § 806 OF THE ACT

30.    Paragraphs 1-29 are realleged as if fully set forth herein.

31.    Section 806 of the Act (15 U.S.C. § 1692d), states, in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

32.    Defendant engaged in conduct for which the natural consequence was harassment. Defendant caused fifteen (15) telephone calls to be placed to Plaintiff, often with two (2) or three (3) calls made in a single day.

33.    Said calls were meant to annoy, abuse or harass Plaintiff.

34.    Further, the telephone calls did not make any disclosure of the caller's identity. Instead, Plaintiff was directed to call a 1-800 number. When Plaintiff did so, she was informed that the caller was Defendant, and that they were trying to collect a debt from Plaintiff.

35.     Defendant has violated § 806 of the Act in fifteen (15) separate instances.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory Damages at the rate of $1,000 per violation, reasonable attorney's fees as authorized by the Act, the costs of this Action, and other such relief the Court deems appropriate.

## COUNT 3
## VIOLATION OF § 807 OF THE ACT

36.     Paragraphs 1-35 are realleged as if fully set forth herein.

37.     Section 807 of the Act (15 U.S.C. § 1692e), states, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (2) The false representation of –
>
> (A) The character, amount, or legal status of any debt; or
>
> . . . .

38.     Defendant made false, deceptive and misleading representations to Plaintiff in connection with the debt that was the subject of the State Court Action.

39.     Each telephone contact Defendant made with Plaintiff was for the purpose of collecting said debt.

40.     Each time Defendant made such telephone contact with Plaintiff, there was no debt to be collected, and the debt at issue had been the subject of a lawsuit for which the parties obtained a final resolution.

41.     Defendant, in attempting to collect a debt that had been resolved by the State Court Action, made false representations as to the (1) character of the debt (i.e., one

that is due and owing), (2) the amount of the debt (i.e., any value above $0.00), and (3) the legal status of the debt (i.e., resolved fully and finally, against Defendant, with prejudice).

42.    Defendant has violated § 807 of the Act in fifteen (15) separate instances.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory Damages at the rate of $1,000 per violation, reasonable attorney's fees as authorized by the Act, the costs of this Action, and other such relief the Court deems appropriate.

43.    In sum, Plaintiff demands judgment and the award of damages as follows:

      a.    Pursuant to § 813(a)(2) of the Act, statutory damages in the amount of $1,000 per violation, for each and every violation detailed in this Complaint;

      b.    Pursuant to § 813(a)(3) of the Act, the costs of this action;

      c.    Pursuant to § 813(a)(3) of the Act, Plaintiff's reasonable attorney's fees; and

      d.    Any other relief the Court may deem appropriate.

12 July 2007

Matthew M. Carucci (DE I.D. 4529)
521 West Street
Wilmington, DE 19801
P: 302.654.5083
F: 302.654.5084
mcarucci@mmclegal.com

*Attorney for Plaintiff*

# EXHIBIT A

**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

LVNV FUNDING, LLC   ASSIGNEE OF    *
HOUSEHOLD BANK (SB) NA/RHODES
15 SOUTH MAIN STREET              *
GREENVILLE SC  29601

                                   *

         PLAINTIFF             *

VS.                                    *

CAITLIN WALLS              *
2204 1 2 HARRISON AVE
WILMINGTON DE  19809      *

                                     *

         DEFENDANT(S)

2008 -12-4 8

CIVIL ACTION NO.

NONARBITRATION

TO THE SPECIAL PROCESS SERVER:

YOU ARE COMMANDED:

     To Summon the above named defendant(s) and serve upon said defendant(s) a copy of this summons and complaint.

TO THE ABOVE NAMED DEFENDANT(S):

     Within twenty (20) days after you receive this Summons, excluding the day you receive it, you must file an Answer to the attached Complaint if you want to deny the allegations. The original of your Answer must be filed with the Clerk's Office of the COURT OF COMMON PLEAS FOR NEW CASTLE, 500 N. KING ST-STE 1610  WILMINGTON, DE  19801, and must include proof that a copy of the Answer was served on the plaintiff or his attorney; Neal J. Levitsky, Esquire, 919 N. Market Street, P.O. Box 2323, Suite 1300, Wilmington, DE 19899, (302) 656-2555, Outside Wilmington Area 1-800-678-0303.

     Failure to file an Answer denying the allegations will result in a judgment against you and action may be taken by the plaintiff or his attorney to satisfy the judgment.

DATED: _12-22-06_                         Clerk

NEAL J. LEVITSKY, ESQUIRE
VOLPOFF & ABRAMSON, L.L.P.
ATTORNEY IN THE PRACTICE
OF DEBT COLLECTION

919 NORTH MARKET STREET
SUITE 1300
P.O. BOX 2323
WILMINGTON, DE 19899-2323
302-654-5444
OUTSIDE WILMINGTON AREA:
1-800-678-0303

DE_06 Summons                     W&A FILE NO.  166370228

## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

LVNV FUNDING. LLC   ASSIGNEE OF      \*
HOUSEHOLD BANK (SB) NA/RHODES
15 SOUTH MAIN STREET                 \*
GREENVILLE SC  29601
                                     \*
     PLAINTIFF                  \*                  2006 =12 - 8

VS.                                  \*

CAITLIN WALLS                        \*          CIVIL ACTION NO.
2204 1 2 HARRISON AVE
WILMINGTON DE  19809                 \*          NONARBITRATION
                                     \*
                                     \*

     DEFENDANT(S)

## COMPLAINT

1.  Plaintiff, sues Defendant(s) for the sum of $7,539.56 representing the balance due and owing

for goods sold and delivered and/or services rendered and/or a revolving account stated between Plaintiff

and Defendant(s).

    WHEREFORE, Plaintiff demands judgment against Defendant(s) for the sum of $7,539.56 with

interest at 8.00 % per annum from 09/01/2004 until date of judgment and thereafter at judgment rate of

interest, plus court cost.

WOLPOFF & ABRAMSON L.L.P.

By:
    NEAL J. LEVITSKY, ESQUIRE (No. 2092)
    Fox Rothschild LLP
    Citizens Bank Center
    919 N. Market Street, Suite 1300
    P.O. Box 2323
    Wilmington, Delaware 19899-2323
    (302) 656-2555
    Outside Wilmington Area:
    1-800-678-0303
    Attorney for Plaintiff

NEAL J. LEVITSKY. ESQUIRE
WOLPOFF & ABRAMSON. L.L.P.
ATTORNEY IN THE PRACTICE
OF DEBT COLLECTION

919 NORTH MARKET STREET
SUITE 1300
P.O. BOX 2323
WILMINGTON, DE 19899-2323
302-656-2444
OUTSIDE WILMINGTON AREA:
1-800-678-0303

**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

LVNV FUNDING, LLC  ASSIGNEE OF
HOUSEHOLD BANK (SB) NA/RHODES
15 SOUTH MAIN STREET
GREENVILLE SC  29601

      PLAINTIFF

VS.

CAITLIN WALLS
2204 1 2 HARRISON AVE
WILMINGTON DE  19809

      DEFENDANT(S)

\*  
\*  
\*  
\*  
\*  
\*  
\*  
\*  
\*  

2006 -12-408

CIVIL ACTION NO.

NONARBITRATION

**CERTIFICATE OF VALUE**

I, Neal J. Levitsky, Esquire, attorney for Plaintiff hereby certify in good faith at this time in my opinion that the sum of damages of the Plaintiff is not in excess of $15,000.00, exclusive of costs and interest.

By: _____
            Attorney for Plaintiff

DATED: ___11/18/2006___

NEAL J. LEVITSKY, ESQUIRE
WOLPOFF & ABRAMSON, L.L.P.
ATTORNEY IN THE PRACTICE
OF DEBT COLLECTION

-IN NORTH MARKET STREET
SUITE 1300
P.O. BOX 2323
WILMINGTON, DE 19899-2323
302-654-444
OUTSIDE WILMINGTON AREA:
1-800-678-0303

## PLEASE NOTE:

If you owe the money and would like to arrange to pay the debt, please call our office prior to the court date. This may avoid the necessity of you appearing in court. The telephone number is **1-800-830-2793**.

When calling, give the Paralegal your W&A file number which is found on the bottom of the court papers.

Thank you for your cooperation.



**W&A FILE NUMBER:**

**WOLPOFF & ABRAMSON, L.L.P.**
*Attorneys in the Practice of Debt Collection*

(SPS-Local)

# EXHIBIT B

**LAW OFFICES**

MAIN OFFICE

TWO IRVINGTON CENTRE
702 KING FARM BLVD., ROCKVILLE, MD 20850

**REGIONAL OFFICES**

565 JUDICIAL DR., BLDG. A-5, FAIRFAX, VA 22030
WEST CARY STREET, RICHMOND, VA 23220
GREENWICH RD., VIRGINIA BEACH, VA 23462
N. MARKET ST., STE. 1300, WILMINGTON, DE 19899
VALLEY BANK BLDG. BOX 226, CLARKSBURG, WV 26302
TRINDLE ROAD, STE. 300, CAMP HILL, PA 17011
GRANT ST., STE. 4300, PITTSBURGH, PA 15219
ROADSIDE DR., STE. 265, AGOURA HILLS, CA 91301
HIGH POINTE BLVD., STE. 250, NOVI, MI 48375
CANAL VIEW BLVD., ROCHESTER, NY 14623
O'CONNOR BLVD., STE. 1060, LAS COLINAS, TX 75039
SOUTHWEST FREEWAY, STE. 3300, HOUSTON, TX 77027
SOLEDAD ST., STE. 300, SAN ANTONIO, TX 78205
GLASTONBURY BLVD., GLASTONBURY, CT 06033
PEACHTREE STREET, STE. 1717, ATLANTA, GA 30361
CARLSON PKWY., STE. 303, MINNETONKA, MN 55305
WHITNEY AVE., 2ND FLOOR, HOLYOKE, MA 01040
CUMBERLAND PLAZA, 3RD FLOOR, WOONSOCKET, RI 02895
S. ULSTER ST., STE. 320, DENVER, CO 80237
TOWN CENTER ROAD, STE. 1002, BOCA RATON, FL 33486
SEVENTH AVE., STE. 2100, SEATTLE, WA 98101

# WOLPOFF & ABRAMSON, L.L.P.

*Attorneys in the Practice of Debt Collection*
(A National Collection Attorney Network Firm)

TWO IRVINGTON CENTRE
702 KING FARM BLVD.
ROCKVILLE, MD 20850-5775

240-386-3900

OUTSIDE WASHINGTON, D.C. METROPOLITAN AREA
(TOLL FREE)
1-800-678-0303

FACSIMILE 240-386-3111

PLEASE DIRECT ALL INQUIRIES TO THE MAIN OFFICE

**AFFILIATED FIRM LOCATIONS [NOT REGIONAL OFFICES OF WOLPOFF & ABRAMSON, L.L.P.]**

BIRMINGHAM, ALABAMA
ANCHORAGE, ALASKA
PHOENIX, ARIZONA
CABOT, ARKANSAS
HONOLULU, HAWAII
BOISE, IDAHO
CHICAGO, ILLINOIS
MERRILLVILLE, INDIANA
KANSAS CITY, KANSAS
LEXINGTON, KENTUCKY
METAIRIE, LOUISIANA
ST. LOUIS, MISSOURI
GREAT FALLS, MONTANA
OMAHA, NEBRASKA
LAS VEGAS, NEVADA
MANCHESTER, NEW HAMPSHIRE
CEDAR KNOLLS, NEW JERSEY
RALEIGH, NORTH CAROLINA

FARGO, NORTH DAKOTA
CLEVELAND, OHIO
OKLAHOMA CITY, OKLAHOMA
EUGENE, OREGON
COLUMBIA, SOUTH CAROLINA
KNOXVILLE, TENNESSEE
SANDY, UTAH
MILWAUKEE, WISCONSIN
RAWLINS, WYOMING

* The National Collection
Attorney Network is an
affiliation of separate law firms

W&A Hours of Operation
8 a.m.-6 p.m. ET M-F

BERNARD C. JOHN, ESQUIRE (PA)

February 21, 2007

Matthew Carucci, Esquire
2300 Pennsylvania Avenue
Suite 4B
Wilmington, DE 19806

    Re:    LVNV Funding, LLC
           Caitlin Walls
           Our File No:  166370228
           Account No:  7012134103433148

Dear Mr. Carucci:

    I reviewed the above-referenced account with my client. They agreed to close the account upon review of the documents you provided without the execution of an affidavit of fraud. I have requested that our local counsel move to dismiss the matter in the New Castle County Court 2006 12 408. Please contact my office with any questions.

Very truly yours,

WOLPOFF & ABRAMSON, L.L.P.

BY: Bernard C. John

Bernard C. John

BCJ/hms
N:\BCJ-HMS\2007\02_FEBRUARY\21\WALLS - LTR.DOC

# EXHIBIT C

**IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| LVNV FUNDING LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 2006-12-408 |
| v. | : | |
| | : | |
| CAITLYNN WALLS | : | |
| | : | |
| Defendant | : | |

**NOTICE OF DISMISSAL**

To:    Clerk of the Court

Please dismiss the above action.

WOLPOFF & ABRAMSON, LLP
*Attorneys in the Practice of Debt Collection*

Neal J. Levitsky, Esquire (No. 2092)
919 N. Market Street
Suite 1300
Wilmington, Delaware  19801
(302) 654-7444

Attorneys for Plaintiffs
LVNV Funding LLC

Dated:  February 22, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the attached pleading was served upon

the following individual by First Class Mail, postage prepaid this 22nd day of February, 2007:

Matthew Carucci, Esquire
2300 Pennsylvania Avenue
Suite 4B
Wilmington, DE  19806

Neal J. Levitsky, Esquire

# EXHIBIT D

**MATTHEW M. CARUCCI**
Attorney at Law
2300 Pennsylvania Avenue
Suite 4B
Wilmington, Delaware  19806

(302) 654 - 5083
FAX (302) 654 - 5084

FAX TRANSMISSION

TO:        Capital Management Services      716.852.1620

FROM:    Matthew Carucci

PAGES INCLUDING COVER SHEET  3

COMMENTS:

Re: Your file # 0285162434

Dear Sir or Madam,

        I represent Ms. Caitlin Walls, alleged debtor in the above-noted file.  As per the enclosed Notice of Dismissal, the above-noted file has been resolved in its entirety.  Please do not send any further demand correspondence to my client or to this office (either written or oral).  Any such demands will be considered a violation of applicable statute, and Ms. Walls will take all necessary measures to enforce her rights.

        If you have any questions or comments, you may contact this office to discuss the dismissal and conclusion of this matter.

        Thank you.

                                Very Truly Yours,

                                Matthew M. Carucci, Esq.

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Smith, Caitlin L.

## DEFENDANTS
LVNV Funding, LLC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  New Castle, Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  New Castle, Delaware
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM ADDRESS AND TELEPHONE NUMBER)
Matthew M. Carucci, Esq. (DE I.D. 4529)
521 West Street
Wilmington, DE 19801
P: 302.654.5083
F: 302.654.5084

ATTORNEYS (IF KNOWN)
Not known

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
      Plaintiff

☒ 3 Federal Question
      (U.S. Government Not a Party)

☐ 2 U.S. Government
      Defendant

☐ 4 Diversity
      (Indicate Citizenship of Parties
      in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks & Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgement | Slander | ☐ 368 Asbestos Personal | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers | Injury Product Liability | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 850 Securities/Commodities/ |
| (Excl Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 160 Stockholder Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor Mgmt. Reporting | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | or Defendant | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 791 Empl Ret Inc | ☐ 871 IRS - Third Party | Determination Under |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | Security Act | 26 USC 7609 | Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of |
| | | ☐ 550 Civil Rights | | | State Statutes |
| | | ☐ 555 Prison Condition | | | ☒ 890 Other Statutory Actions |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
      Proceeding

☐ 2 Removed From
      State Court

☐ 3 Remanded From
      Appellate Court

☐ 4 Reinstated or
      Reopened

☐ 5 Transferred From
      another district
      (specify)

☐ 6 Multidistrict
      Litigation

☐ 7 Appeal to District Judge
      from Magistrate
      Judgement

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 U.S.C. § 1692 (Fair Debt Collection Practices Act). Plaintiff brings suit based on multiple violations of FDCPA by Defendant, for each of which Defendant incurs statutory damages.

## VII. REQUESTED IN
COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION
     UNDER F.R.C.P. 23

DEMAND $ 45,000 + costs + fees

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ YES    ☒ NO

## VIII. RELATED CASE(S) (See Instructions)
IF ANY

JUDGE _____

DOCKET NUMBER _____

DATE  7/12/07

SIGNATURE OF ATTORNEY OF RECORD  *Matthew Carucci*

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ___07-437___



# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____2_____ COPIES OF AO FORM 85.

___JUL 1 2 2007___
(Date forms issued)

_____
(Signature of Party or their Representative)

Stephen A. Sabatino
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action